881 So.2d 885 (2004)
George C. STODGHILL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KM-01585-COA.
Court of Appeals of Mississippi.
February 3, 2004.
Rehearing Denied June 15, 2004.
*886 Julie Ann Epps, Samuel H. Wilkins, Jackson, attorneys for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. George Stodghill appeals his misdemeanor conviction of first offense driving under the influence by the Amite County Circuit Court. He assigns two points of error by the trial court:
I. STODGHILL'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRONEOUSLY APPLIED THE WRONG STANDARD IN DETERMINING WHETHER OR NOT STODGHILL HAD MET THE REQUIREMENTS OF SHOWING THE DEFENSE OF NECESSITY.
II. STODGHILL'S CONVICTION MUST BE REVERSED BECAUSE, APPLYING THE CORRECT STANDARD ON THE DEFENSE OF NECESSITY, THE EVIDENCE IS INSUFFICIENT TO SUPPORT HIS CONVICTION.

*887 FACTS
¶ 2. In June 2001, George Stodghill and his girlfriend, Carla Kenny, were staying at a country cabin in the woods of Amite County. Stodghill's adult son and daughter and their respective spouses were also guests at the cabin. In the evening of June 10, the family held an outdoor barbeque during which all of the adults consumed various amounts of alcoholic beverages. Stodghill drank three bourbons before retiring for the night with Kenny at approximately 9:30 p.m.
¶ 3. A few hours later Stodghill awoke to find Kenny violently ill with seizure-like activity. Kenny collapsed and Stodghill instructed his daughter, Hope, to call 911 on the cellular phone but, due to the rural location, the connection was disrupted repeatedly. After making two separate calls, Hope was still uncertain whether the emergency operator had actually been able to ascertain their location. After waiting a while for an ambulance to arrive, Stodghill felt Kenny was too ill to wait any longer and decided to drive her to the hospital for emergency attention.
¶ 4. On the way, Stodghill was stopped by a state trooper for speeding and crossing the center line. The trooper reported smelling alcohol on Stodghill and requested Stodghill submit to a sobriety test. Stodghill refused after explaining the emergency. The trooper refused to allow Stodghill to proceed but did call an ambulance for Kenny. Based upon Stodghill's refusal to submit to sobriety tests, he was arrested for driving under the influence.
¶ 5. Stodghill elected to proceed to trial and defended upon the ground of necessity. The trial court found Stodghill guilty and imposed a sentence of forty-eight hours in jail and a $1000 fine but suspended both due to the mitigating circumstances. At a hearing on a motion for new trial, the court further explained it found necessity an inadequate defense because Stodghill had failed to exhaust all possible alternatives before driving a vehicle after consuming alcohol.

ANALYSIS
¶ 6. On appeal, Stodghill argues the lower court applied the incorrect legal standard by failing to consider the reasonableness of his actions. The State argues that Stodghill's interpretation is unacceptable as overly subjective and necessity does not depend upon the defendant's subjective analysis of the circumstances. Whether or not the lower court applied an incorrect legal standard is a question of law of which we conduct a de novo review. Robertson v. Robertson, 812 So.2d 998, 1000(¶ 4) (Miss.Ct.App.2001).
¶ 7. In finding that Stodghill had failed to meet the requirements of a necessity defense, the court made the following statement:
I think the Court's finding is essentially to establish the defense of necessity requires a further factual showing than what was made in this case. I find that there were other alternatives that could have been resorted to clearly without that individual knowing that he had consumed an amount of alcohol that he had to personally undertake driving the lady that was sick all the way from his camp to the hospital in McComb. I think it goes a little further than just the state of the mind of the individual because clearly that would be subject to quite an amount of abuse and some other factors that go into that.
¶ 8. Necessity is a defense which, if applicable, will excuse conduct which would otherwise be criminal in nature. Knight v. State, 601 So.2d 403, 405 (Miss.1992). The defense requires a showing of a reasonable belief of imminent serious *888 danger to one's self or another from a specific harm. McMillan v. City of Jackson, 701 So.2d 1105, 1107 (¶¶ 6, 9) (Miss.1997). In making this determination, three elements must be established by the defendant: (1) the act charged must have been done to prevent a significant evil; (2) there must have been no adequate alternative; and (3) the harm caused must not have been disproportionate to the harm avoided. Id. at (¶ 8).
¶ 9. In making the determination of what Stodghill was required to prove for a necessity defense, the trial court focused only upon the availability of alternatives while expressly rejecting the notion that Stodghill's reasons for his actions were at all important because they were too subjective and the defense would be subject to abuse. There are two difficulties with this approach. It ignores the requirement of reasonableness, an objective not subjective legal standard that makes no allowances for intoxication. Taylor v. State, 452 So.2d 441, 446 (Miss.1984). Although a defendant may sincerely believe his actions are justified while in an intoxicated state, it is the sober status which determines reasonableness. Necessity will not excuse objectively unreasonable actions. The circumstances must be viewed from the perspective of the defendant and the reasonableness of his actions in response to those circumstances measured by the objective standard. The abuse the trial judge feared due to defendants subjectively rationalizing their criminal actions simply cannot occur.
¶ 10. The second difficulty lies with the basis of the lower court's determination that Stodghill had alternatives open to him and therefore could not seek shelter in his chosen defense. However, the court never found exactly, or even generally, what alternatives were available and whether or not they were adequate under the circumstances.
¶ 11. In this case, all of the adults had been drinking alcohol, an activity which is legal for persons over the age of twenty-one but nevertheless impaired all those in the house to some degree. Telephoning for assistance was not reliably possible, whether to 911 or some other, presumably wholly sober, individual who could transport Kenny to a hospital. There was no evidence at all that a neighbor actually existed or that there was some intermediate point between the cabin and the hospital where Stodghill could have stopped for assistance.
¶ 12. In theory, Stodghill could have elected to wait longer for an ambulance, despite the lack of surety whether one was on its way. This could classify as an alternative to driving Kenny himself. But the reasonable standard also applies to the adequacy of the alternatives available. Having any alternative no matter how unreasonable under the circumstances does not negate the necessity defense by virtue of its mere existence. Whether or not a viable alternative exists is that familiar standard of how a reasonably prudent man would act under the same set of circumstances.
¶ 13. It would certainly appear that Stodghill met the requirements of the necessity defense. As we understand the trial court's comments, there does not appear to have been any question of the actual severity of Kenny's illness. However, given the extremely limited fact-finding made by the lower court, we are hesitant to enter a final decision in this matter. Instead, we remand to the trial court for further findings of fact based upon the existing record and consistent with the legal standards discussed in this opinion.
¶ 14. We wish to clarify that each claim of necessity is to be determined from *889 the unique set of facts of a case. Here, where a sudden violent illness manifests itself in a secluded, rural location, attempts to summon help were fruitless and time was clearly of the essence, Stodghill's decision to drive after drinking may be excused as necessary. Under other circumstances, it would not, particularly if the results of the decision were to cause significantly more damage than it was intended to remedy.
¶ 15. THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. MYERS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
MYERS, J., Dissenting:
¶ 16. The majority finds that the case sub judice requires reversal for two reasons. First, because the trial court applied the incorrect legal standard with respect to the defense of necessity. Second, because the trial court erred in determining that Stodghill had other adequate alternatives. I see no basis for refusing to affirm the trial court's decision. As a result, I respectfully dissent.
¶ 17. The majority finds the trial court erred in not applying an objective standard of reasonableness. I disagree. At the post-trial hearing, it was Stodghill's counsel that argued for a subjective legal standard of reasonableness. Only in response to Stodghill's argument did the trial judge then state the following: "I think it goes a little further than just the state of the mind of the individual because clearly that would be subject to quite an amount of abuse and some other factors that go into that." I interpret this evidence to mean that the trial court did, in fact, apply an objective standard of reasonableness. In other words, Stodghill argued for a subjective standard of reasonableness which the trial court ultimately rejected.
¶ 18. The majority also finds that the trial court erred in determining that Stodghill had alternatives without finding "exactly, or even generally, what alternatives were available and whether or not they were adequate under the circumstances." I disagree. The trial court specifically ruled that Stodghill had failed to prove that personally driving Kenny the entire distance from the hunting camp to the hospital was the only adequate alternative. The trial court noted that other alternatives existed that proved to be more reasonable than Stodghill's decision. In support of this, the court noted that Stodghill's daughter placed a call with 911 and the dispatcher confirmed their location. In addition, Stodghill's counsel admitted that "objectively there may have been a closer place that [Stodghill] could have taken [Kenny], but the case law says that it's what [Stodghill] reasonably believes." I find no error. As a result, I would affirm the trial court's conviction.